IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRANCE D. MILLARD | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 08CV3752 |
| | ) | |
| vs. | ) | JUDGE CONLON |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | MAGISTRATE JUDGE BROWN |
| | ) | |
| Defendant. | ) | **JURY DEMANDED** |

## ANSWER TO COMPLAINT

Now comes the defendant, BNSF Railway Company (BNSF), by its attorneys, and in answer to plaintiff's complaint, states as follows:

## FIRST DEFENSE

1. This court has jurisdiction pursuant to the Family and Medical Leave Act, 29 U.S.C. Sec. 2617(a)(2).

*ANSWER:* Defendant admits that this Court has jurisdiction, but denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Plaintiff, Terrance D. Millard, was employed by the BNSF Railway Company as a conductor.

*ANSWER:* Defendant admits that at certain times during his employment with Defendant, Plaintiff has held the position of conductor, but denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. BNSF Railway Company is a corporation duly existing according to law to engage in, and was at all times mentioned herein, engaged in doing business in the State of Illinois, and other states of the United States.

*ANSWER:* Defendant admits the allegations in Paragraph 3 of the Complaint.

4.      That at all times relevant herein, including the present, Defendant has operated trains, owned tracks and yards and other property in the Northern District of Illinois.

**ANSWER:**      Defendant admits the allegations in Paragraph 4 of the Complaint.

5.      Plaintiff began working for BNSF Railway Company in approximately June 2003 in Aurora, Illinois and worked as a conductor, trainman, and engine hostler in the Chicago area.

**ANSWER:**      Defendant admits that Plaintiff began working for BNSF in June of 2003, and that plaintiff worked as a conductor, trainman or hostler, including in the Chicago area, but denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.      In August 2005, Mr. Millard requested Family Medical Leave Act leave and gave proper notice to the company regarding said leave.

**ANSWER:**      Defendant admits that Plaintiff submitted a form requesting family medical leave dated August 30, 2005, but denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.      The leave was requested to take care of Plaintiff's minor child who suffers from a serious medical condition.

**ANSWER:**      Defendant admits that the leave requested was to care for Plaintiff's minor child, but without knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint.

8.      Defendant is a covered employer under the Family Medical Leave Act.

**ANSWER:**      Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9.      Mr. Millard has worked for the employer for at least 12 months.

**ANSWER:**      Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10.     During the period in question, Mr. Millard had worked at least 1250 hours over the prior 12 months.

**ANSWER:**      Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.     On or about September 05, 2005, the Defendant granted Mr. Millard intermittent FMLA beginning October 27, 2005 through October 26, 2006.

**ANSWER:**    Defendant admits that on or about September 7, 2005, Defendant approved Plaintiff's intermittent leave requested under the FMLA beginning October 27, 2005 through October 26, 2006, but denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.    Mr. Millard was entitled to take reasonable leave, not to exceed a total of 12 workweeks of leave during a 12 month period, for the care of plaintiff's minor child who had a serious health condition.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.    Defendant was provided with verification from his son's treating physician that it was necessary for Mr. Millard to take off up to 84 days in a year.

**ANSWER:**    Defendant denies that the verification was worded as described and denies the allegations contained in Paragraph 13 of the Complaint.

14.    Mr. Millard's child needed continued care for his serious health condition and Mr. Millard stayed home to care for his ill child pursuant to his Family Medical Leave Act leave granted by the Defendant.

**ANSWER:**    Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.    Defendant interfered with plaintiff's exercise of his right to take reasonable leave to care for his child who had a serious health condition, as provided under the Family and Medical Leave Act.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.    That on July 11, 2006, Defendant terminated Mr. Millard due to the taking of his leave granted to him pursuant to the Family Medical Leave Act.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.    That his case was filed within two years of the date of the last event constituting the alleged violation for which the action is brought.

**ANSWER:**    On information and belief, Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18.    That as a result of said termination and Defendant's violation of the Family Medical Leave Act, Mr. Millard lost wages, salary, employment benefits, and other compensation.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 18 of the Complaint.

WHEREFORE Plaintiff is not entitled to judgment against Defendant and Defendant prays that Plaintiff's Complaint be dismissed with prejudice and judgment be entered in behalf of Defendant and Defendant be awarded the costs incurred herein.

### SECOND DEFENSE

1.   As a second defense, Defendant alleges that the amount of discipline, the resulting damages and other matters relating to the underlying dispute requires interpretation of the applicable collective bargaining agreement and therefore falls within the scope of the Railway Labor Act, 45 U.S.C. Sec. 155 et seq, and preempts all or part of plaintiff's claim.

WHEREFORE Plaintiff is not entitled to judgment against Defendant and Defendant prays that Plaintiff's Complaint be dismissed with prejudice and judgment be entered in behalf of Defendant and Defendant be awarded the costs incurred herein.

### THIRD DEFENSE

1.   As a third defense, Defendant alleges that Plaintiff has failed to mitigate his damages, if any.

WHEREFORE, Plaintiff is not entitled to recover any damages to the extent he could have mitigated those damages.

DALEY MOHAN GROBLE, P.C.

BY:   s/ Robert J. Prendergast
    Robert J. Prendergast

Robert J. Prendergast
John Burke
DALEY MOHAN GROBLE, P.C.
55 West Monroe; Suite 1600
Chicago, Illinois 60603
312/422-0799

**NOTIFICATION OF AFFILIATES – DISCLOSURE STATEMENT**

The undersigned, counsel of record for BNSF Railway Company, Defendant, furnishes the following in compliance with LR 3.2 of the Rules of the United States District Court, Northern District:

1. The name of the party represented by counsel: BNSF Railway Company.

2. Corporate Status:

    BNSF Railway Company is a wholly owned subsidiary of Burlington Northern Santa Fe Corporation, which has issues shares to the public.


    Daley Mohan Groble, P.C.

    s/ Robert J. Prendergast
    Robert J. Prendergast
    Daley Mohan Groble, P.C.
    55 West Monroe
    Suite 1600
    Chicago, Illinois 60603
    (312) 422-0799


    Attorney for BNSF Railway Company

## **PROOF OF SERVICE**

Robert J. Prendergast, an attorney, hereby certifies that on the 28th day of July, 2008, he caused to be served, a true and correct copy of the foregoing **ANSWER TO COMPLAINT** on:

Ryan M. Furniss
Eric D. Holland
Holland, Groves, Schneller & Stolze L.L.C.
300 North Tucker
Suite 801
St. Louis, MO 63101
314-241-8111
314-241-5554 facsimile
Attorneys for Plaintiff

Robert J. Cooney
Cooney & Conway
120 North LaSalle Street
30th Floor
Chicago, Illinois 60602
312-236-6166
312- 236-3029 facsimile
Local Counsel for Plaintiff

by efiling the same with the U. S. District Court Clerk's Office and by depositing same in the U.S. Mail depository located at Chicago, Illinois in an envelope(s) with first-class postage, prepaid.

                                                  s/Robert J. Prendergast
                                                    Robert J. Prendergast